# IN THE COURT OF APPEALS OF IOWA

No. 22-0027
Filed August 3, 2022

**IN THE INTEREST OF K.B.,**
**Minor Child,**

**T.F., Mother,**
    Petitioner-Appellant,

**M.B., Father,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Stephanie Forker
Parry, District Associate Judge.

A mother appeals from an order dismissing her petition to terminate the
parental rights of her child's father. **REVERSED AND REMANDED**.

John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant.

M.B., Moville, self-represented appellee.

Jessica R. Noll of Deck Law P.L.C., Sioux City, attorney and guardian ad
litem for minor child.

Considered by May, P.J., and Greer and Chicchelly, JJ.

**MAY, Presiding Judge.**

In this private termination action, the mother claimed the father abandoned their child, K.B., within the meaning of Iowa Code section 600A.8(3)(b) (2021). However, the district court found the mother failed to prove statutory abandonment. The mother appeals, claiming there is clear and convincing evidence of abandonment. We agree, reverse the district court, and remand for the court to complete a best-interest determination.

**I. Background Facts & Proceedings**

K.B. was born in 2006. In 2020, the parents stipulated to a modification of the physical-care provisions of their dissolution decree.[1] The modified decree placed physical care of K.B. with the mother and granted the father visitation. The modified decree also eliminated any child support obligation for either parent. It also included a "Special Considerations for Adolescents" provision, which required both parents to "honestly and fairly consider their teenager's wishes on time with a parent."

About a year after the modification, the mother filed a petition to terminate the father's parental rights. At trial, the mother testified that the father never took advantage of his visitation rights and he had no visits with K.B. in the year since the modification. She also introduced text messages between the father and K.B. in which the father told K.B. that he was "no longer a part of this family and no one in this family cares about your activities nor will anyone from this family ever attend another one of your activities." Text messages also show the father warned K.B.,

---

[1] It is not clear from the record when the parents divorced, although we know they previously modified their dissolution decree in 2012.

"You have been told not to contact me or [the father's wife] for any reason. The next time you do I will be filing charges against you." And he went so far as to text K.B. that he wanted K.B. to change his last name. "I don't want anything to do with you or your crazy ass mom ever again," the father explained.

The father presented a different version of events. The father testified that he had attempted to schedule visits with K.B. but had been rebuffed by K.B. Both parties agreed that K.B. was entitled to decide how much—if any—time to spend with his father. The father also claimed he had attended several of K.B.'s sporting events without contacting K.B. With respect to the text messages, the father posited the mother altered the messages and removed important context that could explain the messages.

The district court rejected the father's contention that the text messages were modified. But the court found that, because K.B. "appears to have been given all of the discretion to determine visitation with his father," K.B.'s "desire not to have contact should not be held against [the father]." Accordingly, the district court found insufficient evidence to warrant termination and dismissed the mother's petition. The mother appeals.

## II. Standard of Review

"We review private termination proceedings de novo." *In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). "We give deference to the factual findings of the [district] court, especially those relating to witness credibility, but we are not bound by those determinations." *Id.*

## III. Discussion

We consider whether the mother established a statutory ground for termination by clear and convincing evidence. *See In re T.S.*, No. 15-0443, 2015 WL 5311413, at *1 (Iowa Ct. App. Sept. 10, 2015) ("In a private termination proceeding, the petitioner[] must establish by clear and convincing evidence the statutory ground . . . authorizing the termination of parental rights."). The mother alleges termination is justified because the father abandoned K.B.[2] Under section 600A.8(3)(b),

> [A] parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

We conclude the mother established statutory grounds for abandonment under section 600A.8(3)(b). First, we note the father has not contributed a reasonable amount of financial support, according to his means. *See* Iowa Code § 600A.8(b)(3). Although the father was not required to make any child support payments under the modified dissolution decree, section 600A.8(3)(b) still requires him to provide support within his means. *See In re W.W.*, 826 N.W.2d 706, 710

---

[2] The father did not file an appellate brief.

(Iowa Ct. App. 2012) (finding abandonment when the mother did not provide any financial support to the children even though she was not obligated to pay child support). The mother testified the father did not provide K.B. with presents for Christmas, his birthday, or other occasions in the time that she had physical care of K.B. Because we conclude the father has made no contributions when it was within his means to provide some,[3] the mother has established the father abandoned K.B.

Second, we note that the father has not visited K.B. at least monthly nor had regular communication with him or the mother when physically and financially able to do so. Certainly, "total desertion is not required for a showing of abandonment." *In re M.M.S.*, 502 N.W.2d 4, 8 (Iowa 1993). Yet the father has washed his hands of K.B. in nearly every respect. He has never exercised his visitation rights under the modified decree. He "hasn't been involved at all" in K.B.'s education—the father has never requested information from K.B.'s teachers, nor has he sought out K.B.'s extracurricular schedules. He asked K.B. to change his last name in an attempt to further distance K.B. from him. And the father warned K.B. to not contact him or his wife again. These actions—or lack thereof—demonstrate the father's abandonment of K.B. *See In re Burney*, 259 N.W.2d 322, 324 (Iowa 1977) ("Abandonment involves a giving up of parental rights and responsibilities accompanied by an intent to forego them.").

And although K.B. does not wish to see or speak with the father, that alone cannot absolve the father from the responsibilities of parenting. *See T.S.*, 2015

---

[3] The father's wife testified that the father had gifts at their home for K.B. but would not give them to him until K.B. came to the home.

WL 5311413, at *2 (finding statutory grounds for abandonment when the father testified he had no intent to initiate contact with the child and was instead waiting for the child to initiate contact with him). Nor does K.B.'s refusal to engage with the father preclude a finding of abandonment. Subparagraphs (1) and (2) of section 600A.8(3)(b) only preclude a finding of abandonment when visits or communication are "prevented . . . by the person having lawful custody of the child." K.B. does not match that description. So the father cannot avoid a finding of abandonment simply because he has damaged his relationship with K.B. to the point K.B. no longer wishes to have contact with him.

All things considered, the mother has sustained her burden to show abandonment by clear and convincing evidence. The father has not maintained "substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child." Iowa Code § 600A.8(3)(b). Nor has the father visited K.B. at least monthly; nor has he regularly communicated with K.B. or the mother. *See Id.* § 600A.8(3)(b)(1)–(2). So we reverse the district court's ruling and conclude the mother established statutory grounds authorizing termination.

However, "[t]he paramount concern in termination proceedings is the best interest of the child." *In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010). And the district court did not reach the question of whether termination is in K.B.'s best

interest.[4]  So we think it is best to remand this matter for the district court to consider the best-interest question in the first instance.

**IV. Conclusion**

Because the mother has proved abandonment by clear and convincing evidence, we reverse the district court.  And we remand to the district court to make a determination as to whether termination of the father's rights is in K.B.'s best interest.

**REVERSED AND REMANDED.**

---

[4] On appeal the mother only makes a cursory reference to K.B.'s best interest, presumably because the district court did not make a best-interest finding to appeal.